IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANDREW A. FRANCH AND HANNAH** | § | |
| **SUN-HYUN KIM,** *individually and as* | § | |
| *Trustee of the Andrew A. Franch Living Trust,* | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. **3:14-CV-3247-L** |
| **HP LOCATE, LLC**, *a Texas Limited* | § | |
| *Liability Company*; **HP LOCATE, LLC,** | § | |
| *a Texas Limited Liability Company d/b/a* | § | |
| *HP Debt Exchange, LLC*; **AND HP DEBT** | § | |
| **EXCHANGE, LLC**, *a Texas Limited* | § | |
| *Liability Company,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Application for an Award of Reasonable Attorney's Fees

("Plaintiffs' Application") (Doc. 32), which was filed April 23, 2015, and referred to the magistrate

judge on April 24, 2015 (Doc. 33).* In their Application, Plaintiffs seek, pursuant to Federal Rule

of Civil Procedure 37, $10,800 in reasonable attorney's fees and $75.76 for expenses or a total of

$10,875.76 incurred as a result of Defendants' conduct that necessitated Plaintiffs' motion to compel

discovery.

Plaintiffs' Application indicates that the parties conferred and were unable to reach

agreement regarding Plaintiffs' entitlement to attorney's fees and expenses and the amount of

attorney's fees and expenses. Defendants, however, did not file a response to Plaintiffs' Application

---

\* Plaintiffs' Application was filed as the "Application of Herbert J. Gilles of Strasburger & Price, LLP for an Award of Reasonable Attorneys' Fees." The court, however, construes the Application as one by Mr. Gilles on behalf of Plaintiffs, his clients.

**Memorandum Opinion and Order – Page 1**

or Plaintiffs' motion to compel, although they subsequently filed a response in opposition to Plaintiffs' summary judgment motion.  The court has completed its review of Plaintiffs' summary judgment motion and desires to rule on the Application at the same time it rules on the pending summary judgment motion.  Accordingly, the court **vacates** the Order of Reference (Doc. 33).  Further, for the reasons herein set forth, the court **grants** Plaintiffs' Application (Doc. 32).

On April 9, 2015, the magistrate judge granted Plaintiffs' motion to compel discovery.  Under Rule 37, when a motion for an order compelling discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless, inter alia, "the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  A party's discovery conduct is "substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  *S.E.C. v. Kiselak Capital Grp., LLC*, No. 4:09-CV-256-A, 2012 WL 369450, at *5 (N.D. Tex. Feb. 3, 2012) (quoting *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993)) (internal quotation marks omitted).  To avoid sanctions under Rule 37, the party whose conduct necessitated the filing of a motion to compel discovery has the burden of showing that its actions were substantially justified.  *See Poly–America, L.P. v. Stego Indus., LLC*, No. 3:08-CV-2224-G, 2011 WL 1583913, at *2 (N.D. Tex. Apr. 26, 2011).

Defendants did not file a response to Plaintiffs' Application or the underlying motion to compel filed by Plaintiffs.  Moreover, a joint submission filed by the parties on March 27, 2015, with respect to Plaintiffs' motion to compel, indicates that Defendants agreed to produce the discovery

at issue in the motion to compel notwithstanding any objections previously asserted.  Further, the information sought pertains directly to the claims asserted by Plaintiffs against Defendants in this case for breach of a promissory note, in addition to turnover and foreclosure of the collateral pledged as security in the note.  In addition, an affidavit submitted by Plaintiffs in support of their summary judgment motion indicates that, as of July 13, 2015, Defendants had not complied with the magistrate judge's order requiring production of the discovery at issue by April 30, 2015.  Defendants have, therefore, failed to meet their burden of establishing that their failure to produce documents responsive to Plaintiffs' discovery requests was substantially justified, and the court concludes that an award of attorney's fees and expenses would not be unjust under the circumstances.

The court further concludes that the time expended by Plaintiffs' counsel Herbert J. Gilles ("Mr. Gilles") was reasonable and necessary to the successful prosecution of Plaintiffs' motion to compel.  The court is well familiar with the customary and reasonable rates for attorneys in the Dallas legal community.  The rate of $300 per hour is well below the market rate for an attorney in the Dallas legal community with Mr. Gilles's ability, experience, and skill.  The attorney's fees and expenses incurred are, therefore, quite reasonable considering the hourly rate charged by attorneys in North Texas with Mr. Gilles's ability, experience, and skill.  Accordingly, the court **grants** Plaintiffs' Application for an Award of Reasonable Attorney's Fees (Doc. 32) and **awards** Plaintiffs a total of **$10,875.76** for reasonable attorney's fees and expenses.

**It is so ordered** this 16th day of November, 2015.

Sam A. Lindsay
United States District Judge