**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANDREW A. FRANCH and HANNAH** | § | |
| **SUN-HYUN KIM, Individually and as** | § | |
| **Trustees of the Andrew A. Franch** | § | |
| **Living Trust,** | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No.  3:14-CV-3247-L** |
| **vs.** | § | |
| | § | |
| **HP LOCATE, LLC, a Texas Limited** | § | |
| **Liability Company, HP LOCATE, LLC,** | § | |
| **a Texas Limited Liability Company d/b/a** | § | |
| **HP Debt Exchange, LLC, and HP DEBT** | § | |
| **EXCHANGE, LLC, a Texas Limited** | § | |
| **Liability Company,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order of reference dated August 26, 2016 (doc. 69), before the Court for recommendation is the *Application of Plaintiffs for Turnover Relief against Judgment Defendants, HP Locate, LLC d/b/a HP Debt Exchange, LLC, and HP Debt Exchange, LLC,* filed August 22, 2016 (doc. 68).  Based upon the relevant filings and applicable law, the application should be **GRANTED**.

## I. BACKGROUND

On November 16, 2015, Andrew A. Franch and Hannah Sun-Hyun Kim, individually and as trustees of the Andrew A. Franch Living Trust (collectively Plaintiffs), were awarded a judgment against HP Locate, LLC d/b/a HP Debt Exchange, LLC and HP Debt Exchange, LLC (collectively Defendants) in the amount of $184,958.90, plus $18,086.76 in attorney's fees and costs with post-judgment interest on the total amount accruing at the applicable federal rate of .41% from the date of the judgment until paid in full.  (*See* docs. 65, 66.)  They allege that the judgment remains unsatisfied and seek turnover of certain assets in possession of Defendants.  (doc. 68.)

Plaintiffs attempted to satisfy the judgment by recording an abstract in the deed and real

property records of Dallas, Denton, and Collin Counties, in Texas.  (*See* docs. 68-3, 68-4, 68-5.)

These recordings have not resulted in the recovery of any satisfaction of the judgment to date.  (doc.

68 at 3.)  They later learned that Defendants are involved in a pending arbitration proceeding in New

York.  (*See* docs. 68 at 3-4, 68-6.)  This arbitration proceeding involves Defendants' claims of breach

of contract and fraud regarding the sale of a "pool of non-performing mortgage loans," and they seek

damages of "nearly one million dollars for the original purchase of the loans" and any "foreseeable

profits."  (doc. 68-6 at 8); *see HP Debt Exchange, LLC v. Wells Fargo Bank, N.A. and Absolute

Resolutions Corp.*, AAA NY Arbitration No. 13-148-Y-01774-1201 RERK-C.  Plaintiffs have been

unable to obtain information or intervene in the arbitration proceeding.  (doc. 68 at 4.)  They now seek

turnover of any interest or proceeds that Defendants have in the arbitration proceedings, as well as any

relevant documents and information as to the current status of the proceedings.  (*Id.* at 4-5.)

On August 22, 2016, Plaintiffs submitted their application for turnover.  (*See id.*)  Defendants

failed to respond.  This application is now ripe for review.[1]

## II. RULE 69

Fed. R. Civ. P. 69(a)(1) directs the courts to conduct "proceedings . . . in aid of judgment or

execution" in "accord with the procedure of the state where the court is located."

### A.    Texas Turnover Statute

Plaintiffs argue that they are entitled to turnover of certain assets in the control of Defendants,

namely their interest in a pending arbitration proceeding.  (doc. 68.)

Section 31.002(a) of the Texas Civil Practices and Remedies Code entitles a judgment creditor

---

[1] Defendants' owner, Christopher D. Ganter, filed for Chapter 7 Bankruptcy in January 2016.  *See In re Christopher D. Ganter, Debtor*, No. 16-4015 (E.D. Tex. Jan. 28, 2016).  Plaintiffs contend that they served copies of this application for turnover on the trustee of his bankruptcy estate and on Ganter's bankruptcy attorney, who "indicated he would have no problems or concerns . . . for Plaintiffs to proceed in this matter."  (doc. 68 at 6.)

to "aid from a court of appropriate jurisdiction . . . to obtain satisfaction on the judgment if the judgment debtor owns property . . . that:  (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." The statute permits a court to "order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property."  Tex. Civ. Prac. & Rem. Code § 31.002(b)(1).  The statute does not require a court to identify in the turnover order the specific property subject to turnover.  *Id.* at § 31.002(h).

"[T]he turnover statute requires that the debtor own and either possess or control the property against which a turnover order issues."  *Parks v. Parker*, 957 S.W.2d 666, 670 (Tex. App.–Austin 1997, no writ).  The judgment creditor has the burden of tracing assets to the judgment debtor.  *See In re C.H.C.*, 290 S.W.3d 929, 931 (Tex. App.–Dallas 2009, no writ) (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)).  Once the creditor makes this showing, a presumption arises that the judgment debtor possesses the assets, and the burden shifts to the judgment debtor to show the assets are exempt or to otherwise account for them.  *See id.*; *see also Sharif v. Wellness Int'l. Network, Ltd.*, No. 3:05-CV-1367-B, 2008 WL 5220526 at *1 (N.D. Tex. Dec. 12, 2008).  "A trial court will not be reversed for an abuse of discretion so long as there is some evidence of a substantive and probative character to support the decision."  *See Tanner v. McCarthy*, 274 S.W.3d 311, 321–22 (Tex. App.–Houston [1st Dist.] 2008, no writ) (citing *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.–Houston [1st Dist.] 1993, writ denied)).

**B.    Defendants' Property Subject to Turnover**

**1.    *Interest in Arbitration Proceedings***

Plaintiffs provide evidence of an arbitration proceeding that Defendants brought against Wells

Fargo Bank, N.A. and Absolute Resolutions Corporation with claims for damages of over one million dollars.  (*See* docs. 68 at 3-4, 68-6.)  Though they have attempted to intervene in that proceeding, Plaintiffs have been unable to do so because "representatives of [the American Arbitration Association] in New York City inform[ed] Plaintiffs that [the proceedings are] confidential" and "no additional information was to be shared or provided regarding its status." (*Id*. at 4.)  Plaintiffs have shown that this property interest fits the statutory requirement that Defendants control the nonexempt property and it "cannot readily be attached or levied on by ordinary legal process."  Tex. Civ. Prac. & Rem. Code § 31.002(a).  Defendants have not responded or disputed that their interest in the arbitration proceeding is exempt or cannot readily be attached or levied on.  Accordingly, turnover is appropriate with respect to Defendants' interest in the arbitration proceedings or any recovery they have made on these claims that remains in their possession or control. *See Colorado Meadowlark Corp. v. Sage Physician Partners, Inc*., No. 3:11-CV-0922-G, 2013 WL 3196434 at *2 (N.D. Tex. June 25, 2013) (granting turnover of defendant's claims and interest in a bankruptcy proceeding.)

## 2.   *Documents and Records Related to Arbitration Proceedings*

Plaintiffs also seek turnover of all documents and records about the arbitration proceedings, including discovery, pleadings, correspondence, books, records, and stock certificates.  (doc. 68 at 7-8.)  They also ask for Defendants to execute a "written waiver of confidentiality concerning the [arbitration proceeding], executing permission and also submitting same to the [American Arbitration Association] to provide Plaintiffs with confirmation of the status of the proceeding, as well as to permit Plaintiffs to appear or intervene."  (doc. 68 at 7.)

The Texas Turnover Statute permits a court to order a judgment debtor to turnover nonexempt property in the debtor's possession and "all documents or records related to the property."  Tex. Civ.

Prac. & Rem. Code § 31.002(b)(1).  A trial court, moreover, has "authority to compel a debtor to execute documents that will aid in collecting a judgment debt." *Burns v. Miller, Hiersche, Martens & Hayward, P.C.,* 948 S.W.2d 317, 328 (Tex. App.–Dallas 1997, writ denied) (holding that the trial court properly compelled the judgment debtor to execute documents authorizing trustees to distribute funds from the debtor's trust).  Here, Plaintiffs seek all documents related to the arbitration proceeding and a "waiver of confidentiality" regarding the proceedings.  (doc. 68 at 7-8.)  This is properly subject to turnover.  *See* Tex. Civ. Prac. & Rem. Code § 31.002(b)(1).  Notably, however, the Court cannot compel the American Arbitration Association to honor the confidentiality waiver.  *See Burns,* 948 S.W.2d at 328 (noting that "a trial court has authority to compel a debtor to execute documents that will aid in collecting a judgment debt . . . [but the documents] are not binding on [the third parties]"); *see also Admiral Ins. Co. v. Baker*, No. 3:89-CV-1302-H, 1998 WL 790815 at *4 (N.D. Tex. Sept. 28, 1998) (explaining that the turnover statute does not authorize relief against a party who is not a judgment debtor).

### III. ATTORNEY'S FEES

Plaintiffs seek attorney's fees and costs in the amount of $2,500.00 for services rendered in connection with this application for turnover.  (doc. 68 at 11.)

Section 31.002(e) of the Texas Turnover Statute states that the "judgment creditor is entitled to recover reasonable costs, including attorney's fees."  A court has discretion whether to award attorney's fees in a turnover proceeding. *Thomas v. Thomas*, 917 S.W.2d 425, 436 (Tex. App.—Waco 1996, no writ).  A number of factors inform that discretion, including: (1) the nature and complexity of the case; (2) the amount in controversy; (3) the amount of time and effort required; and (4) the expertise of counsel.  *See id.* at 437; *Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 607 (Tex.

5

App.—Dallas 1990, no writ).

Here, Plaintiffs fail to argue or present evidence as to why they should be awarded fees in the amount of $2,500.00. It appears, however, that they may be entitled to fees based upon the amount in controversy, complexity of the case, effort required to collect the judgment, and expertise of counsel. *See Daniels v. Pecan Valley Ranch, Inc*., 831 S.W.2d 372, 386 (Tex. App.–San Antonio 1992, writ denied) (explaining that a "judgment creditor who obtains turnover relief is entitled to reasonable costs, including attorney's fees"). Plaintiffs may file an application for fees and costs within 14 days from the date that this recommendation is accepted by the district judge. *See* Fed. R. Civ. P. 54(d)(2); *see also World Fuel Servs. Corp. v. Moorehead*, 229 F. Supp. 2d 584, 598 (N.D. Tex. 2002) (requiring movant to file an application for fees and costs if a reasonable fee could not be resolved by agreement between the parties).

## IV. RECOMMENDATION

Plaintiffs' application for turnover should be **GRANTED**. Defendants should be ordered to turnover the following property interests to Plaintiffs within thirty days after this recommendation is approved by the district judge: (1) any and all currently pending claims of Defendants in the arbitration proceeding *HP Debt Exchange, LLC v. Wells Fargo Bank, N.A. and Absolute Resolutions Corp.*, AAA NY Arbitration No. 13-148-Y-01774-1201 RERK-C up to the amount of the Plaintiffs' judgment plus accrued interest; (2) any monies recovered by Defendants as a result of the arbitration proceeding, to the extent such monies are still in their possession and control, up to the amount of the Plaintiffs' judgment plus accrued interest; (3) all documents and records in Defendants' possession or control relevant to the pending arbitration proceeding, including the execution of a confidentiality waiver allowing Plaintiffs to intervene in the proceeding.

6

**SO RECOMMENDED** on this 19th day of January, 2017.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE